**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS M. FALAHEE, Plaintiff - Appellant, v. HEIDE AND COOK, LTD.; JOHN DOES, 1-10; DOE ENTITIES, 1-10, Defendants - Appellees. | No. 10-17653 D.C. No. 1:10-cv-00218-HG-BMK MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Submitted October 11, 2011[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Thomas Falahee appeals the district court's dismissal of

his wrongful termination suit on the grounds that Falahee, whose employment with

Defendants–Appellees was governed by a collective bargaining agreement (CBA),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to exhaust the CBA's grievance procedures. Falahee also appeals the district court's denial of his motion to remand this action, which Defendants removed from state court on the grounds that Falahee's claims are completely preempted by the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Removal of this action was proper because Falahee's state law claims are preempted by § 301 of the LMRA, 29 U.S.C. § 185(a). "The pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983)). A cause of action is not preempted by the LMRA only if it depends on a personal right conferred entirely by state law *and* the vindication of the right does not depend on analyzing the collective bargaining agreement. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Plaintiff's estoppel and emotional distress claims depend on the terms of the CBA, and Plaintiff's failure to adequately plead a recognized public policy means there was no error in the district court's holding that aspect of Plaintiff's complaint also

2

preempted. *See Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1062–63 (9th Cir. 1989).

"Prior to bringing suit, an employee seeking to vindicate personal rights under a collective bargaining agreement must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985–86 (9th Cir. 2007). Section 17 of the CBA, sets forth a two-step dispute resolution process which there is no dispute was not utilized by Falahee. Accordingly, the district court properly granted summary judgment for Falahee's failure to exhaust.

**AFFIRMED.**